UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:20-CV-197 JAR |
| LAVANTE BEY, ) a/k/a LaVante Lewis, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion by defendant LaVante Bey titled Notice of Removal. For the reasons discussed below, defendant's request to "remove" his ongoing criminal action from St. Louis County Court must be denied, and this action will be remanded to the Court from which it was removed.

### Background

Defendant is a pro se litigant currently awaiting trial in St. Louis County Court on the charge of filing false documents. *See State v. Lewis,* No. 19SL-CR06044-01 (21st Judicial Circuit, St. Louis County Court). Defendant is currently on bond.

### Defendants' Action

The action presently before the Court is titled "Notice of Removal." In defendant's jurisdictional statement, he claims that he has multiple grounds for removing his ongoing criminal case from St. Louis County Court.

Defendant claims that he is an "Islamic Moslem Moor," and he asserts that he is removing this action under 28 U.S.C. § 1455. He asserts that his rights have been violated as "an Indigenous Aboriginal American National" as his "free exercise of religion" has been discriminated against.

He claims that his rights under the Moroccan Empire Treaty of Peace and Friendship of 17876/1787 have not been recognized by St. Louis County Court. The essence of defendant's assertions appears to be that his status as a Moorish National makes him exempt from the jurisdiction of the courts.

A review of the Amended Complaint filed in *State v. Lewis,* No. 19SL-CR06044-01 (21st Judicial Circuit, St. Louis County Court), shows that defendant's charge of filing false documents relates to the following:

> That Lavante Lewis, in violation of Section 50.095, RSMo, committed the class D felony of filing false documents, punishable upon conviction under Sections 558.002 and 558.011, RSMo, in that on or about September 20, 2019 at 3:20 PM, at 41 South Central Avenue, in the County of St. Louis, State of Missouri, the defendant, with the intent to defraud or negatively impact financially, filed a document with the St. Louis Recorder of Deeds that was fraudulent.

Defendant asserts in his civil cover sheet that his rights were deprived under color of law when St. Louis County Police Officers "put guns in [his] face." He also asserts that there was a conspiracy against his rights and that St. Louis County has refused to obey the Moroccan Empire Treaty of Peace and Friendship. He also states that he has been subjected to a "bill of attainder" when referring to his criminal action in St. Louis County.

## Discussion

In this action, defendant seeks removal of his state criminal case to federal court. The arguments attached to the removal petition also indicates an attempt to seek injunctive relief in his criminal case pursuant to 42 U.S.C. § 1983. For the reasons discussed below, the Court will deny the petition for removal and dismiss the request for injunctive relief brought pursuant to 42 U.S.C. § 1983.

## A. Removal

Generally, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). The statute providing for removal that is implicated in this case provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Meanwhile, removal under § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816.

Neither prong of § 1443 is applicable to this case. First, defendant does not allege that Missouri violated his rights on account of his race. Rather, defendant alleges that St. Louis County has refused to abide by the Moroccan Empire Treaty of Peace and Friendship, or recognize his

3

status as a Islamic Moslem Moor and his membership under the Moorish American Consulate. Defendant believes this to be "malfeasance in office" and a conspiracy against his rights.[1]

Thus, § 1443(1) is inapplicable. Second, there is no indication whatsoever that defendant is a federal officer or person assisting a federal officer in the performance of official duties. Therefore, § 1443(2) is inapplicable.

Defendant describes himself repeatedly as a Moorish American through his removal petition, and through this status he seeks to prevail immunity from prosecution. This legal theory is meritless and cannot form the basis for jurisdiction in Federal Court. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). (a complaint lacks an arguable basis in law if it is based upon an indisputably meritless legal theory). The United States does not recognize the Moorish Nation as a sovereign state, *see Benton-El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007), *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988), and defendant cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). Even those who voluntarily relinquish their citizenship are subject to, and must obey, federal, state, and local laws. *See Khattab*, 1988 WL 5117. The terminology and phrases defendant uses are the type often used by "sovereign citizens" and others who believe they are exempt from the jurisdiction of the courts, and which have been summarily rejected as frivolous

---

[1] Although defendant is apparently trying to assert an equal protection claim, he has failed to do so. In order to assert an equal protection claim, a defendant must "allege and prove something more than different treatment by government officials." *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that [defendant] allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment"). Defendant has not alleged that he was prosecuted because he was a Moor. Rather, he is complaining that the case against him was not dismissed because St. Louis County does not recognize that he is not subject to state laws.

by federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

### B. Section 1983 Claims

It appears that the arguments reflected in defendant's jurisdictional could relate to civil rights claims brought pursuant to 42 U.S.C. § 1983, as well as those under his removal action. As noted above, defendant asserts a violation of his equal protection rights and the Court has already denied such a claim. Additionally, to the extent that defendant is attempting to request injunctive relief under § 1983 this claim must be denied.

The Court notes that a request for injunctive relief over Missouri State Officers seeking to stop a criminal action should be construed as a mandamus pursuant to 28 U.S.C. § 1651. Such an application is legally frivolous. This Court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union County,* 323 F.2d 485, 486 (8th Cir.1963). The actions of the Missouri States Attorneys or Missouri State Court judges are not within the jurisdiction of this Court. *See Middlebrooks,* 323 F.2d at 486; *Veneri v. Circuit Court of Gasconade Co.,* 528 F.Supp. 496, 498 (E.D.Mo.1981) (federal courts have no superintending control over and are without authority to issue writ of mandamus to direct, state court or its judicial officers in performing duties).

Accordingly,

5

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED back to St. Louis County Court**. *State v. Lewis,* No. 19SL-CR06044-01 (21st Judicial Circuit, St. Louis County Court).

**IT IS FURTHER ORDERED** that to the extent defendant seeks relief under 42 U.S.C. § 1983 those claims are **DISMISSED.**

**IT IS FURTHER ORDERED** that an appeal from this remand would not be taken in good faith.

Dated this 2nd day of March, 2020.

*[signature]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE